USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/9/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHERMAN HELLER,

            Plaintiff,

  -against-

LUIS ZUMBA and ARANA GUSTAVO,

            Defendants.
------------------------------------------------------------X

17 Civ. 598 (PAC)

**OPINION AND ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff, Sherman Heller, brings this negligence action against Luis Zumba ("Zumba") and Arana Gustavo ("Gustavo") (collectively, "Defendants"), alleging that in March 2016, a motor vehicle operated by Gustavo, owned by Zumba, struck Heller in the East 55th street crosswalk at Second Avenue in Manhattan. Compl., ¶¶2, 9, 10, 11. Heller alleges he suffered serious and permanent injuries. Id., ¶¶13, 16.

Heller now moves for partial summary judgment on the issue of Defendants' liability. For reasons set forth below, the motion is **GRANTED**.

## FACTS

On March 14, 2016, at around 5:30PM, Heller approached the intersection of East 55th Street and Second Avenue to cross Second Avenue. ECF 21-1 & ECF 24, Ex. A ("Heller Dep.") at 12:3–9; ECF 21-3 ("Police Report"). Before crossing, Heller ensured that the pedestrian traffic light was white (as opposed to red), indicating he had the right of way (Heller Dep. at 12:22–13:11); and that there was no oncoming traffic (Heller Dep. at 14:10–15:2). He then began to cross Second Avenue. Heller Dep. at 13:8–11; Police Report.

At the same time, Gustavo's vehicle approached the same intersection from the east on East 55th Street. ECF 21-2 ("Gustavo Dep.") at 38:23–39:4. Gustavo's visibility was impaired

1

because the vehicle's defroster had fogged up the front windshield. *Id.* at 29:14–23; 47:18–20; 46:15–18. Despite the limited visibility, Gustavo attempted to make a left turn onto Second Avenue. *Id.* at 39:20–40:2. Gustavo did not see Heller crossing Second Avenue, however, because a truck in front of Gustavo blocked his view. *Id.* at 40:13–41:14; Police Report. Gustavo's vehicle struck Heller as Heller crossed Second Avenue, causing Heller's physical injuries. Heller Dep. at 23:3–20; Gustavo Dep. at 42:7–10, 50:2–14; Police Report.

## **LEGAL STANDARD**

Summary judgment is available where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. § 56(a). The Court "resolve[s] all ambiguities and draw[s] all reasonable inferences in the light most favorable to the nonmoving party." *Summa v. Hofstra Univ.*, 708 F.3d 115, 123 (2d Cir. 2013). Summary judgment is warranted where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Smith v. Cnty. of Suffolk*, 776 F.3d 114, 121 (2d Cir. 2015).

## **DISCUSSION**

In New York, the Vehicle and Traffic Law (the "VTL") establishes rules of the road for motorists and pedestrians. *Lee v. Charles*, 986 F. Supp. 2d 277, 279 (S.D.N.Y. 2013). A violation of the VTL constitutes negligence *per se*. *McConnell v. Nabozny*, 489 N.Y.S.2d 24 (N.Y. App. Div. 4th Dep't 1985).

*Gustavo's Liability*

"VTL § 1112(a) provides that, in an intersection containing pedestrian control signals, pedestrians facing a walk indicator may proceed across the roadway in the direction of the signal and shall be given the right of way by other traffic." *Charles*, 986 F. Supp. 2d at 279 (quotation marks omitted). Accordingly, a plaintiff seeking partial summary judgment on the issue of liability

under VTL§ 1112(a) must "submit evidence that shows while crossing the street, within the crosswalk, and the pedestrian signal in his favor, that the defendant driver violated Vehicle and Traffic Law § 1112(a)." *Ljekperic v. Durst*, 966 N.Y.S.2d 347 (N.Y. Sup. Ct. 2013) (citing *Klee v. Americas Best Bottling Co., Inc.*, 875 N.Y.S.2d 270 (N.Y. App. Div. 2d Dep't 2009)).

Heller has made the requisite showing of liability under VTL§ 1112(a). The East 55th Street and Second Avenue intersection has a pedestrian control signal (Heller Dep. at 12:22–13:11); Heller faced a walk indicator at the intersection (*id.*); Heller crossed Second Avenue in the direction of the signal while he had the right of way (*id.* at 13:10–11; Police Report); but Gustavo failed to give Heller the right of way, in violation of VTL § 1112(a), causing Heller's injuries (*id.* at 23:3–20; Gustavo Dep. at 42:7–10, 50:2–14; Police Report).[1] As further required by *Ljekperic*, he was within the crosswalk at impact. Police Report (Heller "was crossing street in crosswalk").

Nonetheless, Defendants argue against partial summary judgment, contending that Heller has not established: (1) he was within the crosswalk at impact; and (2) he was free of comparative negligence. Both arguments are meritless.

Regarding the first argument, Defendants contend Heller's evidence is insufficient to show that he was within the crosswalk because (1) Heller has not testified to that effect; and (2) Gustavo has testified that after the impact, tires of his vehicle were outside the crosswalk and Heller was near the vehicle's bumper. These assertions are unavailing. Heller has not testified to that effect because he has never been asked any question calling for that testimony. *See generally* Heller Dep. Gustavo's testimony is irrelevant because "the position of plaintiff's body after impact is not probative as to whether she was walking in the cross walk prior to being struck." *Torres v. Werner Bus Lines, Inc.*, 67 N.Y.S.3d 635, 636 (N.Y. App. Div. 1st Dep't 2018).

---

[1] Although Gustavo himself had a green light, he still had "a duty to yield the right-of-way to pedestrians lawfully within a crosswalk". VTL § 1111(a)(1).

The second argument is now moot. Until very recently, Heller had to establish that he "was free from comparative negligence" to be entitled to partial summary judgment on liability. *Ljekperic*, 966 N.Y.S.2d 347. That is no longer the law. Even if a defendant raises an issue of fact regarding the plaintiff's comparative negligence, the New York Court of Appeals recently held that the plaintiff need not establish the absence of comparative negligence to be entitled to partial summary judgment. *See Rodriguez v. City of New York*, 2018 WL 1595658, at *1, 6 (N.Y. 2018).

For these reasons, Gustavo was negligent *per se* for violating VTL § 1112(a)[2], and Gustavo is liable for Heller's injuries as a matter of law.

### *Zumba's Liability*

VTL § 388(1) provides that the owner of a motor vehicle is vicariously liable for injuries resulting from a negligent operation of the vehicle by any person with the owner's permission. Heller has submitted uncontroverted evidence that "Mr. Zumba was aware that [Gustavo] was operating his car on March 14th, 2016." Gustavo Dep. at 19:22–24. Thus, Zumba is vicariously liable for Heller's injuries caused by Gustavo.

## CONCLUSION

For reasons set forth above, the motion for partial summary judgment on the issue of Defendants' liability is granted.[3] The Clerk of Court is directed to terminate the partial summary judgment motion at ECF 20.

Dated: New York, New York  
April 9, 2018

SO ORDERED

*/s/ Paul A. Crotty*  
PAUL A. CROTTY  
United States District Judge

---

[2] Gustavo may also be found to be negligent as a matter of law for operating the vehicle with a fogged-up front windshield or for making a left-turn without a clear view of the crosswalk.

[3] The case shall proceed to a jury trial on the following issues: (1) whether Heller was himself negligent; (2) whether Heller's negligence, if any, was a substantial factor in causing his own injuries; (3) the comparative fault of Heller and Defendants; and (4) if any, damages. *See Rodriguez*, 2018 WL 1595658, at *6.